UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CATHERINE BONILLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-10-CV-1053-XR |
| | ) |
| HARLANDALE INDEPENDENT | ) |
| SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

On this date, the Court considered the status of the above-captioned case. For the reasons explained below, Plaintiff is ORDERED to notify the Court of the status of the above-captioned case by **July 20, 2012.** Plaintiff is further advised that repeated failure to comply with this Court's orders may result in dismissal of her case.

**Background**

On August 13, 2012, Plaintiff initiated this action by filing a complaint in State court alleging violations of the Whistleblower Act under Texas Government Code § 554.001. On December 23, 2010, Plaintiff amended her complaint to add claims for violations of the First and Fourteenth Amendments of the United States Constitution, through 42 U.S.C. § 1983. On December 29, 2010, Defendant removed the case to this Court. (Docket No. 1).

The Court entered a scheduling order on August 24, 2011, which set the date for trial on July 16, 2012. (Docket No. 12). At Plaintiff's request, the Court entered an amended scheduling order on March 1, 2012, moving the trial to September 17, 2012, and extending various deadlines.

(Docket No. 18).

On May 9, 2012, Plaintiff's counsel filed a motion to withdraw as attorney of record in this case, citing Plaintiff's failure to pay fees and costs. (Docket No. 19). The Court granted the motion to withdraw by gavel order on May 21, 2012. On June 15, 2012, Defendant filed a Motion for Summary Judgment (docket no. 23) and a Motion to Dismiss (docket no. 22). In its Motion to Dismiss, Defendant alleges that Plaintiff stopped complying with the deadlines in the Court's scheduling order. Specifically, Defendant notes that Plaintiff did not file a witness list, exhibit list, or any pretrial disclosures, which were due on May 25, 2012. Defendant further states that Plaintiff did not file an advisory with this Court regarding consent to ADR, which was due on June 2, 2012. Defendant further alleges that Plaintiff has not responded to Defendant's Second Request for Production and Second Set of Interrogatories to Plaintiff, which were due on May 30, 2012. The Court also notes that Plaintiff has failed to respond to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment. This case is currently scheduled to go to trial on September 17, 2012.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

When a dismissal precludes further litigation of the case due to the expiration of the statute

of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when limitations bars or arguably bars refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* 1519-21.

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 Fed. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).

The Court hereby ORDERS Plaintiff to advise the Court of the status of this case on or before **July 20, 2012.** As noted, Plaintiff has failed to comply with this Court's scheduling order. The Court therefore warns Plaintiff that failure to comply with the instant order will be considered contumacious conduct justifying dismissal for failure to prosecute under FED. R. CIV. P. 41. The

Court further warns Plaintiff that failure to comply with any future scheduling deadlines may be interpreted as failure to prosecute under FED. R. CIV. P. 41, and result in dismissal

**Conclusion**

It is ORDERED that Plaintiff must update the Court on the status of this case by **July 20, 2012.** Plaintiff is further advised that failure to comply with the instant order may result in dismissal of her case.

It is so ORDERED.

SIGNED this 10th day of July, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE