UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CATHERINE BONILLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-10-CV-1053-XR |
| ) | |
| HARLANDALE INDEPENDENT ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

On this date, the Court considered Defendant's Motion to Dismiss. (Docket No. 22).  For the reasons explained below, Defendant's motion is GRANTED.

**Background**

On August 13, 2012, Plaintiff initiated this action by filing a complaint in State court alleging violations of the Whistleblower Act under Texas Government Code § 554.001.  On December 23, 2010, Plaintiff amended her complaint to add claims for violations of the First and Fourteenth Amendments of the United States Constitution, through 42 U.S.C. § 1983.  On December 29, 2010, Defendant removed the case to this Court.  (Docket No. 1).

The Court entered a scheduling order on August 24, 2011, which set the date for trial on July 16, 2012.  (Docket No. 12).  At Plaintiff's request, the Court entered an amended scheduling order on March 1, 2012, moving the trial to September 17, 2012, and extending various deadlines.  (Docket No. 18).

On May 9, 2012, Plaintiff's counsel filed a motion to withdraw as attorney of record in this

case, citing Plaintiff's failure to pay fees and costs. (Docket No. 19). The Court granted the motion to withdraw by gavel order on May 21, 2012. On June 15, 2012, Defendant filed a Motion for Summary Judgment (docket no. 23) and a Motion to Dismiss (docket no. 22). In its Motion to Dismiss, Defendant alleges that Plaintiff stopped complying with the deadlines in the Court's scheduling order. Specifically, Defendant notes that Plaintiff did not file a witness list, exhibit list, or any pretrial disclosures, which were due on May 25, 2012. Defendant further states that Plaintiff did not file an advisory with this Court regarding consent to ADR, which was due on June 2, 2012. Defendant further alleges that Plaintiff has not responded to Defendant's Second Request for Production and Second Set of Interrogatories to Plaintiff, which were due on May 30, 2012. The Court also notes that Plaintiff has failed to respond to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment. This case is currently scheduled to go to trial on September 17, 2012.

On July 10, 2012, the Court issued an order to show cause as to why Plaintiff's case should not be dismissed for failure to prosecute. In that order, the Court directed Plaintiff to update the Court on the status of this case by July 20, 2012. Plaintiff was advised that failure to comply with the order may result in dismissal of her case. To date, Plaintiff has failed to respond to the Court's order, or otherwise update the Court of the status of this case.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent

authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

When a dismissal precludes further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when limitations bars or arguably bars refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* 1519-21.

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 Fed. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).

The Court concludes that Plaintiff has failed to prosecute her case. Plaintiff did not file a

witness list, exhibit list, or any pretrial disclosures, which were due on May 25, 2012. Plaintiff also did not file an advisory with this Court regarding consent to ADR, which was due on June 2, 2012. Defendant further alleges that Plaintiff has not responded to Defendant's Second Request for Production and Second Set of Interrogatories to Plaintiff, which were due on May 30, 2012. The Court also notes that Plaintiff has failed to respond to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment.

The Court warned Plaintiff in its July 10 order that failure to comply with that order would be considered contumacious conduct justifying dismissal for failure to prosecute under FED. R. CIV. P. 41. Thus, this Court concludes that Plaintiff's refusal to comply with the Court's scheduling order, as well as her failure to respond to the Court's show cause order, constitutes contumacious conduct. Additionally, Plaintiff's repeated refusal to respond to these orders demonstrates that lesser sanctions would be futile. Finally, an aggravating factor is present because the delay appears intentional and Defendant is prejudiced by being unable to move forward with the litigation. The Court therefore deems this case appropriate for dismissal under FED. R. CIV. P. 41. It is ORDERED that Plaintiff's complaint be DISMISSED for failure to prosecute under FED. R. CIV. P. 41. The clerk's office is instructed to enter judgment in favor of Defendant.

It is so ORDERED.

SIGNED this 24th day of July, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE